## No. 10,607.

### PETRUCCI v. HOLLER, ET AL.

Decided April 2, 1923.   Rehearing denied May 7, 1923.

Action for possession of real property. Judgment for plaintiffs.

#### Affirmed.

#### On Application for Supersedeas.

1. JUDGMENT—On Pleadings. Pleadings in an action for the possession of real property, reviewed, and judgment thereon in favor of plaintiffs, affirmed.

Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.

Mr. SAMUEL FREUDENTHAL, for plaintiff in error.

Messrs. HUNTER, BELL & MCKISSACK, Mr. JAMES MC-
KEOUGH, Mr. FRANK C. WEST, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANTS in error, hereinafter referred to as plain-
tiffs, brought this action against plaintiff in error, herein-
after referred to as defendant, for the possession of two
lots in the city of Trinidad.  To review a judgment en-
tered upon the pleadings, on motion of plaintiffs and in
their favor, defendant sues out this writ and asks that it
be made a supersedeas.

These pleadings, besides complaint, answer and reply,
consist of numerous motions and demurrers.  They are
interminable, unjustifiable and often frivolous.  Several
items of damage were originally included.  These were all
waived in open court and we shall consider the case as
though standing upon that portion of the first three plead-
ings above mentioned as they relate solely to the question
of possession, and the demurrer to the complaint.

The complaint alleges that A. J. Patrick, deceased, was
the owner and in possession of the property in question;
that he sold it, by written contract, to defendant for
$806.70, $10.00 paid in cash and $65.00 due each six
months thereafter until the last payment which was $91.70.
Default of sixty days in any payment made the contract null
and void and all payments theretofore made and improve-
ments, if any, placed upon the land were to go to Patrick
"as stipulated damages."  It is further alleged that Patrick
died; that plaintiffs are his heirs and sole heirs and have
succeeded to all his rights in the premises; that the de-
fendant after having paid $147.00 thereafter defaulted;
that he has paid nothing since April 27, 1914; and that
plaintiffs have declared a forfeiture and demanded pos-
session.

The answer admits the contract, the default and defendant's possession.

Defendant sets up the statute of limitations applicable in personal actions, asserts that the plaintiffs have no legal capacity to sue and the court has no jurisdiction. If these objections have any basis worthy of consideration we are unable to detect it. The answer contains a general denial which need not be noticed because there is also a specific denial of each allegation of the complaint and each of these denials is coupled with an admission of the contract and the default. Defendant further admits his refusal to vacate, the heirship of plaintiffs and their notice of forfeiture. He alleges that he has paid "the sum of about $450.00; that "no payments were, or are, payable, or due, thereunder" (i. e. under the contract) ; that it was agreed between the parties "that the time of the said alleged contract should be extended and they then were so extended"; that "plaintiffs has been guilty of laches and unreasonable delay"; that "neither the said A. J. Patrick could during his lifetime, and these plaintiffs could not at any time since the execution of said contract and can not now, and they have not made title to said realty and could not and can not convey title to the same to the defendant to the damage of defendant in the sum of $5000." Wherefore defendant prays that the complaint be dismissed and that defendant have judgment for $5450 and interest "from the time said defendant was entitled to said money." These, so far as they are allegations of anything, are allegations of law, not of fact. They constitute no defense. The judgment entered by the trial court was the only one possible under the condition of these pleadings. It is accordingly affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.